UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
: 
TOBIAS R. REID, : CASE NO. 1:11-CV-2186
: 
Plaintiff, :
: 
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
BAHMAN GHORASHI, et al., :
: 
Defendants. :
: 
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Tobias R. Reid filed this copyright, trademark and patent infringement action against Cleveland State University ("CSU") Dean of Fenn College of Engineering Bahman Ghorashi, Majid Rashidi, and Cleveland Indians owner Larry Dolan. In the Complaint, plaintiff alleges defendants infringed on patents allegedly secured by plaintiff relating to a wind turbine that is to be located at Progressive Field. He seeks monetary and injunctive relief.

Plaintiff has also filed a Motion to proceed *in forma pauperis*. (Doc. 2). That Motion is granted.

**I. Background**

Plaintiff alleges he was a graduate Ph.D. candidate from August 2006 through October 2009 at CSU's Division of Continuing Education, Fenn College of Engineering. During this time period, plaintiff claims he was enrolled in a program known as the "Arboriculture Research and Education Academy," or "AREA." He also asserts he was an intern at (1) the Cleveland Clinic's Lerner

Research Institute; (2) a Little Caesar's Pizza restaurant located at East 105th Plaza in Cleveland; and (3) a temporary staffing agency, Minute Men Staffing, located on East 30th in Cleveland, Ohio. He claims that the purpose of his studies and internships was to develop "alternative energies, clinical engineering, and horticultural therapies." (Doc. 1 at 1-2).[1]

Plaintiff asserts that, during the summer of 2008, he was selected for an internship at Progressive Field "to study the AREA in which included recycling for energies, the rates and patterns of the wind channels; waveform shaping rates and logic." (Doc. 1 at 2). He claims this course of study continued in the fall and winter of 2008 during his internship at a Little Caesar's Pizza location, where he studied "the content of radiant energy from the sun in which included power-generation, transmission, and machinery function." (Doc. 1 at 2). Finally, he claims his studies continued during the summer and fall of 2009, when he collected recyclable metals for "probability and statistical analysis, energy, work and power, linear algebra, analytic geometry, differential equations and linear transformers." (Doc. 1 at 2). Plaintiff claims his studies culminated in his submission of an "abstract" to CSU's College of Science in 2009 and a "prototype model" to the Fenn College of Engineering and College of Science in 2010.

On October 12, 2011, the Cleveland Plain Dealer printed an article entitled "Progressive

---

[1] Plaintiff has recently filed numerous lawsuits in this Court, in which he variously describes himself as a post-doctorate researcher, resident, fellow, volunteer professor, philanthropist, consulting physician, "scientist of Horticulture Engineering and holistic medicine with a philosophy of law and public policy," and the Director of Molecular Horticultural Therapy and Surgical Procedures-DOV at University Hospitals. *See Reid v. Stanley*, Case No. 1:11CV2043; *Reid v. Berkman*, Case No. 1:11CV2159; *Reid v. Johira*, Case No. 1:11CV2281. He further claims that he is board certified in clinical pathology, forensics, and integrative medicine, and is "pursuing medical training" through the American Holistic Medical Association, American College of Forensic Examiners, America Association of Integrative Medicine, Media Lab, the Cleveland Clinic and Medline University.

Field in Cleveland to install innovative wind turbine developed by CSU professor." *See* www.cleveland.com. According to this article, the Cleveland Indians and CSU announced that an 18 foot wide helix turbine developed by defendant Rashidi would be mounted atop the ballpark's southeast corner. The article further noted that CSU had received a $1.1 million grant from the U.S. Department of Energy in 2008 to design and install two structures "based on Rashidi's patented system of a wind-deflecting structure with small-scale turbines that can generate power at low wind speeds."

Plaintiff filed the instant Complaint two days later, on October 14, 2011. He claims his "prototype helix" is the basis of the Progressive Field wind turbine and that defendant Rashidi infringed on plaintiff's patents. He further asserts CSU received the $1.1 million grant mentioned above based on plaintiff's research and development. Finally, and somewhat confusingly, plaintiff claims that defendant Dolan improperly allowed defendant Rashidi to construct, build and operate a wind turbine in Progressive Field because, pursuant to a "sin tax" passed in 1989, inner city workers employed by Minute Man Staffing are contractually entitled to all "clean-up" work at Progressive Field.

Plaintiff seeks injunctive relief in the form of an order suspending all work on the construction of the Progressive Field wind turbine. He also seeks compensatory damages.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

#### A. Copyright Infringement

Plaintiff alleges generally, in the caption of his Complaint, that defendants are liable for copyright infringement. The Copyright Act provides protection for original works of authorship expressed in various media. 17 U.S.C. § 101-1332. Direct copyright infringement occurs when anyone "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). Exclusive rights include the rights to reproduce the copyrighted work, to create derivative works, to distribute copies, to perform publicly a copyrighted work, and to display publicly a copyrighted work. 17

U.S.C. § 106. A plaintiff may bring a claim against a person who infringes on any of the plaintiff's exclusive rights in a copyright by demonstrating two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). *See also Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003); *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007).

The Court finds that plaintiff's claim for copyright infringement is without merit. As an initial matter, plaintiff does not allege that he owns a valid copyright. Indeed, a search of United States Copyright Office public records finds no copyright of any kind listed under plaintiff's name. *See* http://www.copyright.gov/records. Moreover, even if plaintiff had alleged ownership of a valid copyright, he fails to allege any constituent elements of his copyrighted work that have allegedly been copied by defendants.

Although pleadings filed by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As the Supreme Court further explained in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the elements of a cause of action will not do.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). It is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Indeed, while legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id*. at

1950.

Pursuant to *Iqbal*, the Court finds the Complaint in the instant case fails to contain sufficient factual matter "to state a claim for relief that is plausible on its face" for copyright infringement. While plaintiff alleges generally that defendants engaged in copyright infringement, he does not plead any facts to support his allegations against these defendants. Even under the less stringent pleading standards afforded *pro se* litigants, the Complaint herein is wholly insufficient.

Accordingly, the Court finds that plaintiff's copyright infringement claim is subject to summary dismissal as to all defendants under § 1915(e).

### B. Trademark Infringement

Plaintiff next alleges, again in the most vague and general terms, that defendants are liable for trademark infringement. Under federal law, a "trademark" is "any word, name, symbol, or device . . . used by a person . . . to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127. To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege facts establishing that: (1) he or she owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion. 15 U.S.C. § 1114(1). *See Hensley Manufacturing, Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

The Court finds plaintiff has failed to plead sufficient factual matter, accepted as true, to state a plausible claim for trademark infringement. First, and most fundamentally, plaintiff fails to allege that he owns a registered trademark. He further fails to allege that any of the defendants used a trademark registered to plaintiff in commerce, or that any such use was likely to cause confusion.

Simply reciting the words "trademark infringement" in the Complaint is insufficient to state a claim under the Lanham Act. Even under the liberal standards applied to *pro se* pleadings, plaintiff must allege either direct or inferential factual allegations respecting all the material elements of a viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The Court finds plaintiff has failed to do so with respect to this claim.

Accordingly, plaintiff's trademark infringement claim is without merit and subject to summary dismissal as to all defendants pursuant to § 1915(e).

### C. Patent Infringement

Plaintiff next alleges defendants infringed on patents secured by plaintiff relating to a "prototype helix" wind turbine. The only factual allegations supporting this claim are set forth in Paragraph Two of the Complaint as follows:

> On or about the 12th day of October 2011 The Cleveland Plain Dealer printed an article regarding a wind turbine with specifications and model of plaintiffs prototype presented in **Reid vs. Boylan, et al., 2007; Reid, Meeker and Greene and Reid, Ph.D v. Johira, et al., 2010; Reid, Mazanec, Roller, Schoenberger and Sheehan, 2010, 2011**. This prototype helix wind turbine was created by plaintiff in which Majid Rashidi has infringed upon in violation of patens [sic] secured by plaintiff. Cleveland State University has received a $1.1 million grant from the U.S. Department of Energy based on plaintiff [sic] research and development for this turbine. The circuit theory with ac/dc circuit fundamentals, transformers, linear circuit analysis, transient analysis and frequency response was developed by plaintiff.

(Doc. 1 at 3)(emphasis in original).

Courts have held that a claim for patent infringement is sufficiently pled if the Complaint: (1) asserts that the plaintiff owns the patent at issue; (2) names the defendants; (3) states that the defendant infringed the patent; (4) describes, in general terms, the means by which the patent was

infringed; and (5) identifies the specific parts of patent law that are implicated. *See Mc Zeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007); *Adiscov, LLC v. Autonomy Corp.*, PLC, 762 F.Supp.2d 826, 829-30 (E.D. Va. 2011). Generic allegations that fail to specify the basis for a claim of infringement or identify the allegedly infringing product have been held to be insufficient to plead a plausible claim for patent infringement. *See e.g. Johnson v. Strauss*, 2009 WL 2916913 at *7 (S.D. Ohio Sept. 4, 2009); *Prestige Products, Inc. v. Pingyang Huaxing Leather & Plastic Co.*, 767 F.Supp.2d 806, 810-811 (E.D. Mich. 2011); *Acco Brands USA v. Hewlett Packard Co.*, 2011 WL 2516514 at *2 (C.D. Cal., June 23, 2011).

In the instant case, plaintiff alleges that he has "secured" a patent for a "prototype helix wind turbine." He does not, however, provide any identifying information about this patent, such as the patent number or date of issuance. Further, a search of United States Patent and Trademark Office public records finds no patents of any kind listed under plaintiff's name. *See* http://www.uspto.gov. The only remotely identifying information provided by plaintiff is the Complaint's assertion that plaintiff's prototype was "presented in Reid vs. Boylan, et al., 2007; Reid, Meeker and Greene and Reid, Ph.D v. Johira, et al., 2010; Reid, Mazanec, Roller, Schoenberger and Sheehan, 2010, 2011." (Doc. 1 at 3). However, the two cases cited by plaintiff (*Reid v. Boylan*, Cuy. Cty. Cmn. Pl. Case No. 612907 and *Reid v. Johira*, Cuy. Cty. Cmn. Pl. Case No. 738290) appear to be motor vehicle accident and insurance related cases which bear no possible relation to plaintiff's patent infringement claim. Moreover, plaintiff fails to explain what the other citations (i.e. "Reid, Meeker and Greene "and "Reid, Mazanec, Roller, Schoenberger and Sheehan") refer to, nor does he attach any documentation to his Complaint that explain or identify these citations.

In addition to his failure to sufficiently identify the alleged patent at issue, plaintiff also fails

-8-

to identify any specific patent law that he believes defendants have violated. Plaintiff does not cite to the federal statute governing patent infringement, 35 U.S.C. § 271, and does not specify whether he is alleging a claim of direct infringement, infringement by inducement, or contributory infringement. Nor does he set forth any other possible legal theory, state or federal, to explain or support this claim.

Under *Twombly* and *Iqbal, supra*, a plaintiff is not required to prove his claim in the Complaint, but he must plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1950. A complaint's factual allegations must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a plaintiff need not plead detailed facts, the complaint "must give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008).

Even giving the *pro se* Complaint a liberal construction, the Court finds plaintiff has failed to sufficiently plead a plausible claim for patent infringement for the reasons set forth above. Accordingly, this claim is subject to summary dismissal under § 1915(e).

### D. Property Rights Violations

Plaintiff claims generally, in the caption of his Complaint, that defendants are liable for "property rights violations." Giving the Complaint a liberal construction, it is possible that plaintiff intends this claim to encompass his allegation that defendant Dolan improperly allowed defendant Rashidi to construct, build and operate a wind turbine in Progressive Field. According to plaintiff, inner city workers employed by Minute Man Staffing (such as himself) are contractually entitled, pursuant to a "sin tax" passed in 1989, to all "clean-up" work at Progressive Field. By allowing defendant Rashidi to construct, build and operate the wind turbine at Progressive Field, plaintiff

appears to claim that defendant Dolan has violated his property rights under this alleged "sin tax" agreement.

As set forth *supra*, a complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions not squarely presented to them or to construct full blown claims from sentence fragments. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *Crawford v. Crestar Foods*, 2000 WL 377349 at * 2 (6th Cir. April 6, 2000). To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Moreover, a plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on defendants to speculate about the potential claims that a plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Even liberally construed, plaintiff's assertion of "property rights violations" fails to sufficiently state any identifiable federal claim as against defendant Dolan (or any of the other named defendants) and it is, therefore, subject to summary dismissal under § 1915(e).

Inasmuch as plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that

court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction). Accordingly, to the extent any of plaintiff's claims are asserted under state law, they are subject to summary dismissal under § 1915(e).

### IV. Conclusion

The Court notes that, in addition to the instant case, plaintiff has filed three other lawsuits in this Court in September and October of this year alone. *See Reid v. Stanley*, Case No. 1:11CV2043 (N.D. Ohio J. Gwin); *Reid v. Berkman*, Case No. 1:11CV2159 (N.D. Ohio J. Gwin); *Reid v. Johira*, Case No. 1:11CV2281 (N.D. Ohio J. Polster). Each of these lawsuits has been summarily dismissed under § 1915(e).

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: January 4, 2012               s/    *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."